**In re ENDREX EXPLORATION COMPANY, Debtor.**

**HALLIBURTON SERVICES, Appellant,**

v.

**FIRST CITY ENERGY FINANCE CO., Appellee.**

**ENDREX EXPLORATION COMPANY, Appellant,**

v.

**FIRST CITY ENERGY FINANCE CO., Appellee.**

Civ. A. Nos. CA 3–88–0227–G, CA 3–88–0228–G.

United States District Court, N.D. Texas, Dallas Division.

July 28, 1988.

William D. Neary, Debra D. McCullough, Dallas, Tex., for Halliburton.

Judity K. Zehner, Dallas, Tex., for Endrex.

Jarrell D. McDaniel, Houston, Tex., J.M. Sutherland, Dallas, Tex., for appellee.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court are two consolidated appeals from the bankruptcy court's order, entered December 4, 1987, to grant relief from the automatic stay affecting the property of debtor/appellant Endrex Exploration Company ("Endrex"). Relief from the stay enabled appellee First City Energy Finance Co. ("First City") to foreclose its lien on Endrex's property. After reviewing the parties' briefs and the applicable statutes and cases, this court affirms the bankruptcy court's decision.

### Background

On September 12, 1984, Endrex executed a $29,050,000.00 note to First City to finance the drilling of oil and gas wells on property located in Fayette County, Texas. As security for the loan, Endrex gave First City a first lien on the properties.[1] On August 12, 1985, Endrex borrowed $1,500,000 from appellant Halliburton Company ("Halliburton"), executing a promissory note and giving it a second lien on the properties.

Endrex filed a petition under Chapter 11 of the Bankruptcy Code on March 27, 1986. On that date, the principal balance on the First City note was more than $20 million and interest was nearly $3 million.

On October 13, 1987, First City filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a). The grant of that motion by the bankruptcy court is the subject of this appeal.

### Analysis

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay may be granted:

(2) with respect to a stay of an act against property under subsection (a) of the section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The appellants agree that the debtor did not have any equity in the property. The question for decision, therefore, is whether the bankruptcy court erred in concluding that the property was "not necessary to an effective reorganization."[2]

---

**1.** It is undisputed that the only assets of value in Endrex's estate are oil and gas properties referred to throughout the parties' briefs as the Package 1, 2, 3 and 4 Wells. First City's security interest was in Package 1, 2 and 3 Wells.

**2.** Endrex devotes a large part of its brief discussing whether the "just cause" provision for lifting the stay was satisfied. See 11 U.S.C. § 362(d)(1). The bankruptcy court's order does not indicate that this provision was relied on as an alternative basis for lifting the stay. In any event, because relief from the stay was properly granted pursuant to § 362(d)(2), it is unnecessary to determine if § 362(d)(1) also supports the bankruptcy court's decision.

The appellants bear the burden of establishing that the property is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2); *In re Greiman*, 45 B.R. 574, 580 (Bankr.N.D.Iowa 1984). As discussed below, the appellants have not satisfied this requirement.

In *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), the Supreme Court discussed what is meant by property being "necessary to an effective reorganization." The Court stated that

> [w]hat this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*. This means ... that there must be "a reasonable possibility of a successful reorganization within a reasonable time." ... The cases are numerous in which § 362(d)(2) relief has been provided within less than a year from the filing of the bankruptcy petition.

*Timbers of Inwood*, above, 108 S.Ct. at 632 (emphasis in original) (citations omitted).

Furthermore, the Fifth Circuit has stated that the

> mere indispensability of the property to the debtor's survival and the debtor's hopes of reorganization are insufficient to justify continuation of the stay when reorganization is not reasonably possible.... [T]he "effective reorganization" standard must be given meaning by the bankruptcy court. To prevail against the secured creditor who has moved to lift the stay under § 362(d)(2), the debtor must do more than evince high hopes; he must be able to show a reasonable prospect for a successful reorganization within a reasonable time.

*In re Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 370–71 (5th Cir. 1987) (en banc), *aff'd*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

In light of this authority, the bankruptcy court correctly concluded that the property was not necessary for an effective reorganization, stating that:

> [w]hile the Package 1, 2, and 3 Wells would be helpful to a reorganization, the Court finds that they are not necessary to an effective reorganization of Debtor. At best, the Package 1, 2, and 3 Wells are only contingent assets of the Debtor. The feasibility of a Debtor's Plan based on the use of those assets is highly speculative.

Bankruptcy order at 2.

The bankruptcy court concluded, and the evidence supports, that the wells in question were depleting assets. The bankruptcy court further found that Endrex had already been in bankruptcy a considerable period of time. Thus, while recognizing that the property would prove "helpful" to a reorganization, the bankruptcy court properly concluded that the property was not "necessary" for an "effective reorganization" and accordingly lifted the stay. The bankruptcy court's factual findings are supported by the record, and no error in the relief it granted has been demonstrated.

For these reasons, the order of the bankruptcy court is AFFIRMED.

SO ORDERED.

